The first case we're going to hear this morning is Travers v. Fed Ex Corp. We'll hear from Mr. Taylor. Thank you and may it please the court Jonathan Taylor for the plaintiff appellant Gerard Travers. If I may, I'm going to try to leave myself five minutes for rebuttal. That's granted. Thank you. You Sarah entitles any employee when taking leave from work to perform military service to receive all non seniority based rights and benefits that the employer provides for any non military leave that is comparable to the military. And if you directed you directed us right to you Sarah, right to the statute which is where we of course need to start. And when we look at the text of 4302. The only type of leave actually identified as a benefit is vacation. Does the omission of military leave tell us anything about what Congress contemplated. No, it doesn't. I mean, and then that's true for two reasons. First and foremost, as the Seventh Circuit recognize when it confronted this exact same question. The statute broadly defines the term rights and benefits to include any advantage profit privilege or gain of employment, with no exception so that the question is whether receiving pay from one's employer qualifies as a profit or gain of employment and the answer is yes as the Seventh Circuit noted receiving pay from one's employer and this is a quote is an advantage profit privilege or gain of employment which essentially ends the inquiry and the same is true here. The benefit that is received by employees when they are on comparable forms of non military leave is simply pay a profit or gain on any understanding, and that benefit is not provided to employees on military leave in violation of the most favorable treatment And I'd like to take them each in turn beginning with the principal argument judge Schwartz what you just kind of sketched out, which is an argument that the relevant benefit here is paid military leave. And that argument was the first argument that United made in its brief if you look up the brief it's point heading one, and the Seventh Circuit rejected the argument and rightly so and the problem with the argument is that it's a kind of sleight of hand, the When they're on leave for jury duty, for example, or sick leave or bereavement leave is not paid militarily they don't receive paid military leave the benefit is just simply pay maybe it's five days pay maybe it's differential pay, whatever it ends up being it's pay And the only question then under you Sarah, is whether that benefit that extra thing that employees get when they're on a form of military non military leave that is comparable to militarily whether that benefit is a writer benefit under you Sarah. If just so I follow your point your point is the baseline is leave everybody's away from work for some reason the question is what benefit do they receive while away and is it superior or inferior to those who are away for military service is that right. That's correct. Okay. And and so for FedEx is argument to work, there would have to be some kind of exception to the definition that excludes pay, and there is no You, you, and it kind of dovetails into a judge matey's question about its leave for while you're away from work receiving pay in the provision in 6323 of title five. Congress went out of its way to say military leave, we're going to pay federal employees for military. So can we take that as any kind of indicator that Congress believed militarily was a particular type of benefit, but doesn't advance the arguments that your adversary made in the United made in white. Well, I want to respond to your question directly but just as a predicate I would note that we're not saying that paid military leave were an employer to provide it like the federal government provides it to its employees would not be a writer benefit. We're just saying for employers who do not provide paid military leave there, they still have to comply with 4316 bs equal treatment rule and so you know to the extent that they provide benefits to employees who are on forms of non military leave that are comparable. You've got to ensure that the military leave is given the most favorable treatment to any comparable leave. Now, to the question about 6323. Now, this is also an argument that the Seventh Circuit dealt with in the white decision. And the argument is that that is made by FedEx here as I take it is the mere existence of this paid military leave statute which resides in an altogether different title of the US code somehow compels FedEx is arguing reading of you Sarah and that's not true for two main reasons, both of which were set forth by the Seventh Circuit. Number one, you Sarah's plain text is unambiguous and so there's no need to look elsewhere to help clarify the meaning of the text, and least of all, an entirely different title of the code where application of the whole code can and would rest on particularly shaky ground so with the Seventh Circuit correctly noted that there is nothing incompatible between these two statutes. For one thing, they have entirely different purposes, the paid leave statute is the federal government, acting in its role as employer sending a leave policy for its employees that provides an automatic entitlement for employees to get up to 15 days of paid military leave a year 15 days can roll over. And if you take out if you if you end up being deployed into active service, you can draw on up to 30 days that you have in your bank. And so it works differently than when we're claiming you Sarah works you Sarah is the government acting in its role as regulator creating an equal treatment rule that all employers, private and public alike, must comply with. And for another 4316 B of you Sarah it just, it doesn't set a floor or cap on benefits and there's nothing in the pay leave statute that indicates that it functions as a cap rather than a floor that's the Seventh Circuit's language from from the white decision. Thank you. And so, just to get real get get back very quickly to the core textual argument that my friend on the other side makes about this kind of level of generality argument for that argument to work, there would have to be some kind of exception to the statute for receiving pay and there's none FedEx argues that the examples that follow the core definition, including the inclusion of the word vacation somehow serve to restrict when read together serve to restrict the core definition. And that's the very interpretive move that was rejected by both the Supreme Court in Boston, and the Seventh Circuit in white, and it would make particularly little sense to accept that kind of an argument here for a claim under 4316 B, which mandates a comparative And the Federal Circuit made a similar point in its Tully decision I'm going to quote from that decision here at 481 F third at 1370 payment of an employee's salary while the employees absent from work is a benefit provided during the absence, not a characteristic of the absence to allow differences in the available benefits to negate relief under 4316 be would undermine the effect of the statute, yet that is exactly what FedEx is seeking to do. In this case, that's two federal circuits that I now count that are against FedEx this position. And so what FedEx is asking this court to do is to create a circuit split and define that receiving money from one's employer is somehow not a profit or gain under the plain meaning of that language and there is no textual hook for that. And that's why FedEx is forks to kind of make this policy argument. And it claims that Congress could not possibly have intended this result, and the Seventh Circuit rejected this argument to and rightly so. It is the statutory text that is the best evidence of Congress's intent and the text here is unambiguous, and the court should therefore follow the text of you, Sarah, exactly as it did in the wall walk case. And to the extent that legislative history matters I would note that the reference Congress's reference to Walter Meyer shows that it knew what it was doing and it understood that one ramification of adopting Walter Myers equal treatment rule is that it might eventually lead to a requirement that employers who provide paid leave that are comparable forms of leave that are comparable to non-military leave would also have to provide paid military leave. If there are no further questions, I'll reserve the remainder of my time for my rebuttal. What do you make of the parenthetical that says rights and benefits includes wages or salary for work performed? How does that affect the interpretation? So this is an argument that FedEx is not making, but it is the reasoning that was adopted by the district court. And as the Seventh Circuit correctly understood, this argument cannot be correct, and that is true for five reasons. Number one, receiving one's regular wages while on leave is indisputably an advantage, profit, privilege, or gain of employment, and that makes it a right or benefit under the plain language of the statute. Number two, nothing in the parenthetical even purports to change that. It uses the word including, which makes it illustrative rather than definitional. And the Supreme Court's recent decision in Bostock confirms that there is no such thing as a canon of donut holes. And the reason, you know, there's a historical reason why the parenthetical refers only to wages for work performed, and that's because that narrow category used to actually be excluded from the definition, but Congress eliminated that exception in 2010 and made that elimination retroactive. And it decided to eliminate that one express exception, and in doing so, that did not somehow create a new implied exception. And then finally, I would just note two more things. One, the parenthetical further confirmed everything that follows the parenthetical in the statutory definition, I think, further confirms that wages for work not performed must be included because things like severance pay and vacations are included. And then finally, this court's decision in Walter Meyer itself recognized that at least with respect to holiday pay, the receipt of wages for work not performed could be a benefit to which the equal treatment rule would apply. Thank you. Judge May, anything further from the council? Nothing further. Judge Porter? No. Okay, great. We'll have you up on rebuttal. Mr. Medlitsky. Thank you, Your Honor. May it please the court, Anton Medlitsky for FedEx. Section 4316B requires that if an employer provides a non-military leave of absence and provides some other non-seniority benefit during that leave, it must provide that same non-seniority benefit during comparable military leaves. If, for example, the employer allows employees to accrue vacation days while on a non-military leave, the statute also requires vacation accrual during comparable military leave or take the court's decision in Walter Meyer. There, because ALCOA provided the specific benefit of holiday pay to employees on jury duty, USERRA's predecessor statute required ALCOA to provide the same specific benefit to employees on military leave. Everyone agrees that Section 4316B adopted the court's decision. But what plaintiff is asking for here is different. Plaintiff seeks a rule that if the employer provides a paid leave benefit, such as paid sick leave, it must create the different and brand new benefit of paid military leave, and that theory is inconsistent with Walter Meyer. But your theory is that you define whether it's comparable leave by the purpose for which the leave is taken or the label you assign it. But the CFR provision that tells all of us how to evaluate whether leave is comparable looks at duration, looks at purpose, looks at whether it can be voluntary or when you take the leave. So isn't the labeling of the nature of the leave just one component rather than the dispositive component, which is what I understand your argument to be. Well, so it's not about the labeling of the leave. I agree with you about the comparability regulation. Of course, comparability is not an issue right now in this case because we're conceding it for purposes of the motion to dismiss. But what the Supreme Court has explained in numerous cases before you, Sarah, was enacted, I'm thinking of cases like Coffey and Foster and McCarty and the like, is that you look at the real nature of the leave. And in all of those cases, the Supreme Court looked at the real nature of the benefit, I should say. And in each of those cases, the Supreme Court looked at the benefit as a whole, right? So the most on-point cases, Foster, that one's about vacation, and the Supreme Court looked at the benefit of vacation as a whole. It did not do what the plaintiff in this case wants to do, which is disaggregate the benefit, say, actually, what you're really getting when you're getting the benefit of vacation is not the benefit of vacation, but the right to leave work and not get fired. That's one benefit, and also the right to receive pay. And that's another benefit, right? So as applied to this case, take the benefit of paid sick leave. I think the dispute between the parties is how to characterize that benefit under 43032, under you, Sarah. Is paid sick leave paid sick leave, in which case plaintiff's theory makes no sense because they don't even say that FedEx failed to provide them paid sick leave when they were on military leave? Or is the benefit the right to leave work when you're sick as one sub-benefit plus the right to receive pay when you're gone as another sub-benefit? And I think that question comes out our way, and it's answered by the statute in at least several respects, and one of them is the exemplars at the end of 43032. The reason it says vacation in there is because all of those examples, or at least most of them, come from those old Supreme Court cases that I mentioned. How do you reconcile, though, with other language like including in any? Really broad language to suggest in any means without regard, and this isn't limited, and including means the things that follow are illustrative. How do you reconcile that? I understand your argument about the vacation identifier, but how do you reconcile it with those other words? So we're not suggesting that the only benefits are the ones that are made examples of, but it reminds me of the old securities fraud case, Chiarella against the United States, where the Supreme Court says that Section 10B of the Exchange Act is a catch-all provision, but what it catches must be fraud. It's the same thing here. The benefits decision is a catch-all provision, but what it catches has to be a benefit, not some gerrymandered sub-benefit, sub-piece of a benefit. And the reason I think the illustrations are important is because if plaintiff was right about the way to characterize the benefits, it wouldn't say vacation. It would say the right to leave work and not get fired. That's one benefit, and the right to receive pay while you're not working, and that's another benefit. There's another piece of the definition that I think is to the same effect. Counsel, can I just ask for a second, though, because the exemplars – let's assume the exemplars are specific, but they're following a whole list of very general terms – advantage, profit, privilege, gains, that. So how do you deal with that? Because it seems like that's the relative comparison, and then we get into some subspecifics. Yeah, so I agree with you. That's where I was going next. So advantage, privileges of employment, obviously those are important words. And I think in theory you can describe receiving pay while you're not working as one of those things, but you can also describe employment perks as an advantage of employment, right? But no one would think that employment perks is a benefit. You have to figure out what the right level of generality is. What's an employment perk? I'm sorry. What's an employment perk? It's just a description of an advantage of employment, but it's obviously not a specific benefit. And the reason you know it's not a specific benefit is other parts of the definition, not the words advantage, gain, privilege. I think of an employment perk as some sort of benefit that's accorded by an employer to entice my continued service for compensation, like a gym membership, a tote bag, a subscription to a sharing service. I mean those all sound like benefits that if they were extended to one group who was on leave and the other group who wasn't, that might be a problem. And that's exactly my point. Each one of those specific things may well be a benefit, but the broad category, the broad description isn't. And my point is that the definition operates at a specific level of generality. And one way you know the level of generality is the exemplars. They're all about specific benefits, not descriptions of benefits and not sub-benefits like the right to receive pay. But second, it's not just privileges of employment or advantages of employment, it's the kind of privileges or advantages of employment that are defined in employment contracts or policies. And employment contracts or policies, as we know from the allegations in this case, in paragraph three, and as we know from all the Supreme Court cases and other cases that evaluate benefits, establish benefits as a whole. Employment contracts and policies don't typically establish a benefit in the way the plaintiff would like. It says you get paid sick leave, you get vacation, you get paid jury duty leave. It doesn't say, well, here is a benefit of you have the right to leave work when you're sick. Here's a separate benefit of you have the right to receive pay when you're not at work because you're sick. It's a package. And what they're trying to do with respect, Your Honor, is to gerrymander a benefit that is common to all of these leaves because, of course, they would be right. If the right way to look at a benefit is this, you can break them all apart and say, well, all of these include the right to receive pay when you're gone. Well, then it answers the question of whether the employer is providing a specific benefit during one kind of leave and not during military leave. But you have to decide in the first instance whether that is the right way to characterize the benefit under the definition. And it seems to me that the answer to that is clear, not just for the two reasons under the definition itself, one being vacation would not say vacation if that was the right level of generality and the other being the employment contract point. But look, for example, about how the Department of Labor, this court, the Federal Circuit describe one particular benefit paid military leave. They don't describe it as unpaid military leave, plus the right to receive pay when you're working for the military, they just describe it as paid military leave because the definition operates at the level of the specific benefit as a whole, not, you know, disaggregated into little pieces or take, we cite several sources, including appellate decisions, the Department of Labor, the Congressional Research Service at pages 35 to 36 of our brief that all explain that paid leaves, like the ones that issue in this case, are uniformly understood as non-wage compensation. So the idea that the actual benefit that you're getting when you're on a paid leave is a wage is just a contradiction in terms. The whole point of paid leaves is that they are on top of your regular wage. Take a look, for example, at 132 of the appendix, which is a Bureau of Labor and Statistics document that the plaintiffs attached to their opposition to the motion to dismiss, and it sets forth different costs of employment. And the first one is wages and salaries. Right. And then the next one is the next category is paid leaves, including vacation, holiday pay, sick, sick leave and personal wages is a different thing than, than paid leaves precisely because paid leaves are non-wage compensation. So again, it's just very strange to suggest that the benefit that you're receiving when you're on paid sick leave or paid military leave or paid bereavement leave is a wage rather than the ability to go on vacation. Right. Or the ability. Is paid leave a benefit or a category of benefits? Paid leave is a category of benefits. Each one of the leaves at issue in this case falls within that category. Right. So, and other types of leaves would fall within that category to one of them is holiday pay, which was the benefit that was at issue in Walter Meyer, but I think crucially in Walter Meyer, the court recognized that that folks on jury duty at Alcoa got their regular wages too, but it held the jury duty should only be seen as establishing the right to holiday pay, and not the right to compensation for the other days worked. And they said that because the dissent in that case accused the majority of saying, well if you're right about holiday pay, then you also, it also has to mean that the employer would have to provide paid military leave and the court said no we are not saying that so the idea that Congress took this court's case, everybody agrees that adopted Walter Meyer in 4316 be, but that it adopted or reading that Walter Meyer express expressly said it was not adopting also seems quite bizarre to me, especially in light of Congress's statement in Monroe. And so what case are you talking about you're going a little quick slow down. You could. What case are you talking about, you said something about Alcoa, and in this case, this court's decision in Walter Meyer, so you're talking about Walter Meyer, and you're talking about Walter Meyer dissent. No, I'm talking about the Walter Meyer majority. So the majority held that you know that the benefit of holiday pay the specific complete benefit of holiday pay has to be provided to people on military leave because it was provided to people on jury duty, but it said that what doesn't need to be provided is just pay paid military leave, even though, wait a second in the Walter Meyer majority opinion make clear we are ruling only on holiday pay, nothing else. Yes, agree with that. So how can you take the next step about what the Walter Meyer court said when they only said, we're talking about holiday pay here. Well, they also said we're only talking about holiday pay, and we're not saying that the fact that people on jury duty are are get their regular wages means that you have to provide paid military leave and the only I'm not suggesting that that's the holding of the case, but I am suggesting that when Congress tells you that a particular decision is the basis for a new statute, you should look at what the decision is holding but you should also look at what the decision says it's explicitly not holding in determining what the scope of the statute is now I think we're right on the text of the statute but just, you know, setting that point aside for a second it seems to me a little bit weird to expand Walter Meyer, to the point that you know that the Walter Meyer court said it was not reaching. Right. When you can screw 4316 be especially when Congress in Monroe, the Supreme Court, excuse me in Monroe explained that if Congress was going to establish a paid military scheme, it would do so expressly, just as it did so expressly with respect to federal employees, but of course nobody argues that there's any kind of clear statement here. The argument is that Congress created a paid military leave scheme through the definition of benefits, but you under 4316 D, where which, which allows employees to take for example, vacation. When they're on military leave and precludes employers from stopping them from taking vacation. So in that limited respect yes but no, I think the answer the more general answer to your question is, there is no circumstance under which FedEx or any other employer would have to provide paid military leave, just because they provide some sort of paid leave on, you know, paid non military leave, because, because, is that because no instance of paid non military leave would be comparable to paid military leave. No, it's not about comparability it's about the fact that the only way you could get to that result is by splitting, whatever paid benefit. There are two benefits, there's a leave of absence for being sick. And there's the right to receive wages while you're gone. If you, if you view the benefit that way then you could get to plaintiff's theory but as I said, I think that's inconsistent with the I just want you to answer Judge Porter by earlier this question by saying paid leave is a category of benefits, right. Yes, if the category benefit is paid leave. We would look at the types of paid leave that are provided by this employer to make sure that military non military employees are treated equally right with respect to benefits. So, so for example, if military. If non military leaves about like let's say jury duty. If an employee were on jury duty, and they were accruing vacation days. Right, so they were getting a form of paid leave, they would have to be able to accrue vacation days when they're on non military leave on military leave so long as the two leaves are comparable, but so that you can so that you can state a claim under 4316 be, I think that's the essential question in the case whether the benefit, take whatever benefit you want that's an issue here, paid sick leave is a benefit of paid sick leave, or whether you have to break it up and categorize it as the right to receive pay and the right to receive and the right to be gone. When you're sick. Thank you. I think, I think Judge made he had a question before we let you go. Now I'm good. Thanks. Okay, good quarter. I'm fine. Okay, thank you, counsel. Rebuttal. Thank you very much, you may have pleased the court just three quick points in rebuttal, if I may, and I want to begin just by taking on this, this level of generality argument that my friend just eloquently presented our position is very simple here, Congress wrote a statute, and it defined a term, and that definition of the term governs here, not anything else not anyone's conventional understanding of what a wage might be or non wage compensation or benefit, simply the words that Congress wrote, and the words here are very broad and very clear. And at the end of the day, I think a hypothetical really, really will drive it home so my friend and I are employees at FedEx, I take leave for jury duty or leave for sick leave, and my friend takes leave for military leave or both gone two days I receive pay, and my friend doesn't. And what FedEx cannot deny is that there is a disparity of treatment between the two of us, I received something that my friend doesn't get call whatever you want but I received something it's money. And the, the only question under you Sarah is whether that's a writer benefit under the broad statutory text and FedEx cannot win this appeal. If FedEx can only win this appeal I should say if that extra thing that I receive is not a writer benefit under the statutory text which is to say, not a profit or gain of employment, and the fundamental problem for FedEx is that pay is not just a profit or gain of employment but the quintessential profit or gain of employment, and this is consistent with Congress's intent in 4316 be to enact a most favorable treatment rule with respect to all attributes of the employment relationship. It would be bizarre to claim that my hypothetical my friends who didn't receive any money at all was given the most favorable treatment with respect to the two of us. I just don't think that's the way that anyone would view that scenario and it's certainly not in keeping with the broad statutory text that Congress enacted. Can you imagine a scenario where FedEx would not have to pay provide paid military leave. Sure, I'll give you two examples. One is if, of course, if, as the case proceeds the jury were to find that none, you know, as we get a record on some of these other leaves a jury were to find that none of these leaves for which FedEx provides pay is comparable to military leave. Then in that scenario FedEx wouldn't know anything. But another example would be a FedEx didn't have any comparable leave any you know if they didn't make if they didn't pay employees when they took sick leave or bereavement leave or jury duty leave. And this actually dovetails nicely with another point I wanted to make, which is about the ramifications of accepting our interpretation of the statute and this is something that the Seventh Circuit pointed out in its decision as well. And I think FedEx in making its elephant in mousehole point, and it's other policy points, simply fails to understand misunderstands the limits of our theory we are not claiming that Congress erected our position is tantamount to a requirement that all employees everywhere provide paid military leave and certainly not have unlimited duration, and that the, the leaf be fully paid that is not our position our position is just equal treatment so if an employer has a policy for example of providing just five days of paid sick leave per year, and a jury were to find that sick leave is comparable to military leave, then the employer would have to provide five days of paid military leave, or if it's a really small employer because this is not like, I didn't see anything and please correct me if I'm wrong. I didn't say anything like title seven only applies to employers of certain sizes apply standing where. So, pretend it's a for employee landscape business. And they're the landscape company says, I'm going to give each of you. 10 days of vacation paid. And I'm going to give you five days of sick paid. One of those employees has military leave that's going to be 25 days so longer than those days. What's that employers obligation, because for a landscape business I picked that deliberately right it's going to have a certain time of year during the Northeast anyway, that's going to be out there. And so there are limitations, what is that employers responsibility, you know FedEx is a large company but this ruling you're asking us to make would apply, regardless of size. So our position, just to be clear, does not apply to vacation leave which is voluntary. We're talking about leaves that are involuntary and so the 10 days of paid leave that that wouldn't enter into the equation here so we just be talking about the sick And we would have an employee in that circumstance would have to show that the sick leave is comparable to the military leave and duration would be a key factor in engaging in that analysis and that's set forth in the DLL regulations not an issue at this stage of litigation we'll get to it down the road. But at most, even if there were a finding of comparability, the benefit that is provided to employees when they take sick leave is a maximum five days paid paid days per year and so it would be that same benefit five days of paid leave that would have to be provided to military to the to the reservist who takes military leave and for the all the other days above the five days those will be unpaid that's my understanding of our position it's just an equal treatment rule but I think your hypothetical nicely illustrates the modest position that we're, we're setting forth, and this is not some. This is the final point I was going to make this is not some radical creative novel interpretation of the statute if it was hiding it was hiding in plain sight. I mean the dissenting judge, Judge Hunter, in this court's decision Walter Meyer, although the majority took pains to limit the scope of its holding understood the ramifications of finding that that the leaves were comparable, and that receiving pay from an employer is a benefit, and the Federal Circuit in Tully recognize exactly the same point in 2007, that case involved, what is basically Walter Meyer for a long term leave a two and a half year deployment. And although the court in that circumstance found that case found that that two and a half year leave was not comparable to short, short leaves of short duration such as jury duty leave. It did correctly understand that the consequence of finding comparability would mean that quote, because the agency the employer there was the federal government pays the salaries of employees who are absent to serve as jurors, it would be required to pay Mr Tully the plaintiff in that case, his full salary on leave so it understood the ramifications and then just last month the Seventh Circuit reached the same conclusion so that's three different federal circuits over three different decades that have understood that our position is mandated by the text of the statute. If there are no further questions. Thank you very much. Judge Porter. Any further. Maybe. Okay, thank you counsel for your very helpful arguments and your excellent briefing and we'll take your advice. Thank you.